**CHUN ZHONG HUANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

**No. 04–2606–ag.**

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Chun Zhong Huang, Brooklyn, NY, pro se.

Leura G. Canary, United States Attorney, Middle District of Alabama, James J. Dubois, Assistant United States Attorney, Montgomery, AL, for Respondent.

Present: DENNIS JACOBS, ROBERT D. SACK, PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Chun Zhong Huang petitions for review of an order of the BIA affirming

Immigration Judge ("IJ") Roxanne C. Hladylowycz's decision ordering Huang's removal to China and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably based her decision, in part, on Huang's equivocal testimony as to the date of his wife's alleged abortion. More importantly, the IJ reasonably found that Huang's "total veracity and credibility" were called into question by his admission that he had lied when he told immigration officers at both his credible fear and airport interviews that he practiced Falun Gong. Finally, Huang was unable to offer sufficient corroborating evidence to rehabilitate testimony once it was called into question to this extent. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir. 2004).

Because Huang's withholding of removal claim was based on the same set of facts that the IJ found incredible in the context of his asylum claim, that adverse credibility determination precludes any success on the withholding claim as well. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Huang did not appeal the IJ's denial of CAT relief to the BIA, and, therefore, he has failed to exhaust that issue. *See Foster v. INS*, 376 F.3d 75, 77 (2d Cir.2004).

Accordingly, Huang's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).